UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ZABLON AKHWALE, <br><br> Plaintiff, <br><br> v. <br><br> DELTA AIR LINES, INC., <br><br> Defendant. | Case No. 1:23-cv-01064-LMB-WEF |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant Delta Air Lines, Inc. (hereinafter "Delta" or "Defendant"), by and through undersigned counsel, files this Memorandum in Support of its Motion to Dismiss Plaintiff's Warrant in Debt and Bill of Particulars and, in support thereof, states as follows:

## I.  INTRODUCTION

Plaintiff Zablon Akhwale brought the instant action against Delta relating to alleged delay and damage to baggage that occurred during international travel from Washington, D.C. to Nairobi, Kenya. The Montreal Convention provides the exclusive remedy for all claims that arise from delayed baggage or damaged baggage on an international flight. Because the alleged delay and damage occurred during international carriage, Plaintiff's claims fall within the scope of Article 17 and Article 19 of the Montreal Convention, and his state law claims are preempted. Thus, Plaintiff must state a claim for relief under Montreal or not at all. Because he has failed to do so, Plaintiff's Warrant in Debt and Bill of Particulars must be dismissed.

## II.     FACTUAL BACKGROUND

Plaintiff, Zablon Akhwale, filed a Warrant in Debt in the Small Claims Division of the Richmond City General District Court on March 24, 2023, alleging that Defendant is liable to Plaintiff for "[l]ost and damaged property due to negligence and breach of contract." *See* Exhibit A, Plaintiff's Warrant in Debt.

On July 12, 2023, Plaintiff filed his Bill of Particulars alleging that he "travelled from Washington Dulles (IAD) to Kenya on January 8th Sunday 2023." *See* Exhibit B, Plaintiff's Bill of Particulars at pg. 3. In his Bill of Particulars, Plaintiff alleges that upon arriving in Nairobi, Kenya he "did not receive [his] luggage and immediately filed for baggage claim." *Id*. He alleges that when he received his luggage four days later, it had a damaged zipper and lock. *Id*. at p. 2-3. The remainder of Plaintiff's alleged damages relate to actions taken by Plaintiff while he was in Kenya waiting for his luggage to be located. *Id*. Specifically, Plaintiff alleges that he had to repeatedly travel to the local airport in Kenya from the village where he was staying to check for his luggage; and purchase replacement personal effects (e.g., clothing, soap, lotion, etc.) while he was waiting for his luggage to be found. *Id*. Plaintiff also alleges damages for "time and inconvenience and stress." *See* Exhibit B, Plaintiff's Bill of Particulars at pg. 2. As a result of these alleged events, Plaintiff seeks damages in the amount of five thousand dollars ($5,000), plus interest at ten percent from January 9, 2023, and two hundred and sixty-five ($265) dollars in costs. *See* Exhibit A.

After receiving Plaintiff's Bill of Particulars, Defendant timely filed a Notice of Removal to this Court pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446. ECF No. 1.

### III.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to seek dismissal based on the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim should be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A Rule 12(b)(6) motion tests the sufficiency of a complaint and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Accordingly, a court should "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Eastern Shore Markets, Inc. v. J.D. Associates Ltd. Partnership*, 213 F.3d 175, 180 (4th Cir. 2000). Although the truth of the facts alleged is assumed, courts are not bound by inferences, unreasonable conclusions, or arguments. *Eastern Shore Markets, Inc.*, 213 F.3d at 180. While the Court must assume the veracity of any well-pleaded factual allegations, conclusory allegations "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Whether a claim arises under a federal or international law for removal purposes is determined by the "well-pleaded complaint rule." *See Rivet v. Regions Bank,* 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998). "Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983). One of the well-recognized exceptions to the well-pleaded complaint rule, however, is the

complete preemption doctrine. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Pinney* 402 F.3d 430 (4th Cir. 2005); *Knowlton v. American Airlines, Inc.*, Civil Action No. RDB-06-854, 2007 U.S. Dist. LEXIS 6882, at *9 (D. Md. Jan. 31, 2007).

## IV.   ARGUMENT

### A.   *Complete Preemption Doctrine*

"Under complete preemption, a state claim arises under federal law when Congress so completely preempts a particular area that any civil complaint raising the select group of claims is necessarily federal in character." *Pinney,* 402 F.3d at 449. "[T]he doctrine of complete preemption converts an ordinary state common law complaint into one stating a federal claim and the federal claim is deemed to appear on the face of the complaint." *Id.* (quoting *Taylor*, 481 U.S. at 65 and *Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 187 (4th Cir. 2002)); *see also Knowlton,* 2007 U.S. Dist. LEXIS 6882 at *9 ("In limited circumstances… the doctrine of complete preemption provides an alternative means of satisfying the well-pleaded complaint rule"). Thus, a complaint alleging state law claims that is completely preempted by federal law, such as by an international treaty, may be removed to federal court and may be subject to dismissal for failure to state a claim. This is true regardless of whether the state law allegations are well-pled in the complaint. *See Knowlton*, 2007 U.S. Dist. LEXIS 6882, at *8-9.

When removing an action on the basis of complete preemption, a defendant must establish that the plaintiff has a discernible federal claim and that Congress intended the federal claim to be the exclusive remedy for the alleged wrong. *Id*. (citing *King v. Marriott Int'l, Inc.*, 337 F.3d 421, 425 (4th Cir. 2003). In assessing whether complete preemption applies, the Fourth Circuit has

stated the "basic inquiry" is whether the applicable statute or treaty establishes the "exclusive claim." *Id*.

**B.** *The Montreal Convention Completely Preempts Plaintiff's State Law Claims.*

The Montreal Convention is an international treaty that governs liability for international air carriage. *Convention for the Unification of Certain Rules of International Carriage by Air*, ICAO Doc. 9740, reprinted in Treaty Doc. No. 105-45, 1999 WL 33292734 (2000) [hereinafter Montreal Convention]; *see also Selke v. Germanwings GmbH*, 261 F. Supp. 3d 666, 675 n.2 (E.D. Va. 2017). It was "designed to create a uniform system of liability among airlines for claims arising from international travel." *Knowlton*, 2007 U.S. Dist. LEXIS 6882, at *15 (citing *Al Israel v. Tseng*, 525 U.S. 155, 169, 119 S. Ct. 662, 142 L. Ed. 2d 576 (1999)).

Entered into force in the United States on November 4, 2003, the Montreal Convention updated and replaced the Warsaw Convention, a uniform system of liability for "flights between the United States and Foreign States also party to the Convention and for international flights having their origin and destination in the United States (round trips)." *Selke*, 261 F. Supp. 3d at 675 n.2. The Montreal Convention "still retains many of [the] original provisions and terms" of the Warsaw Convention, "and thus courts have continued to rely on cases interpreting equivalent provisions in the Warsaw Convention." *Hunter v. Deutsche Lufthansa AG,* 863 F. Supp. 2d 190, 205 (E.D.N.Y. 2012).

Like the Warsaw Convention, the Montreal Convention "governs the rights and liabilities of passengers and carriers in international air transportation." *Bridgeman v. United Cont'l Holdings, Inc.*, 552 F. App'x 294, 296 (5th Cir. Nov. 4, 2013) (per curiam) (unpublished) (citing *Galbert v. West Caribbean Airways*, 715 F.3d 1290, 1292 (11th Cir. 2013)). This includes

5

claims associated with damage to baggage and delay of baggage. *See* Articles 17 and 19 of the Montreal Convention.

The Montreal Convention provides the exclusive remedy for claims relating to international carriage and preempts claims under local law that fall within the Convention's substantive scope. *Al Israel v. Tseng*, 525 U.S. 155, 169, 119 S. Ct. 662, 142 L. Ed. 2d 576 (1999); *King v. Am. Airlines, Inc.*, 284 F.3d 352, 356-357 (2d Cir. 2002). Indeed, Article 29 of the Convention states that "any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights." Montreal Convention, Art. 29. Article 29 is an explicit exclusivity provision that supports complete preemption.

Delta acknowledges that there is a split in authority among the federal courts as to whether the Montreal Convention completely preempts state law claims. *See Knowlton*, 2007 U.S. Dist. LEXIS 6882, at *14-15 (discussing same); *Fuondjing v. Am. Airlines, Inc.*, Civil Action No. DKC 10-1169, 2011 U.S. Dist. LEXIS 5123, at *15-16 (D. Md. Jan. 19, 2011) (acknowledging split). Neither the Supreme Court nor the Fourth Circuit have specifically addressed the issue. The only District Court within the Fourth Circuit to do so answered in the affirmative, finding complete preemption and upholding the defendant's removal to federal court on federal question grounds even though the plaintiff had not affirmatively pled a claim under Montreal in his complaint. *See Knowlton*, 2007 U.S. Dist. LEXIS 6882, at *14-15.

In *Knowlton*, the plaintiff brought a breach of contract claim against American Airlines in Maryland state court because she contended she was not provided a promised free breakfast on a flight from Baltimore, Maryland to the Dominican Republic. *Id*. at *1-2. The defendant removed

the case to federal court arguing the plaintiff's cause of action arose under the Montreal Convention and therefore presented a federal question. *Id*. at *3. Thereafter, the plaintiff filed a motion to remand arguing the removal was improper, contending her claim did not arise under an international treaty. *Id*. In response, the defendant argued the treaty completely preempted Plaintiff's claim. *Id*. The Maryland District Court acknowledged there was a split of authority over whether the Montreal Convention and its predecessor, the Warsaw Convention, completely preempted state law claims. *Id*. at *13-15. However, the Court was persuaded by the reasoning of those cases finding in favor of complete preemption. *Id*. at *15. Citing to *Tseng*, the District Court explained: "The treaties were designed to create a uniform system of liability among airlines for claims arising from international flights." *Id*. at *15. Accordingly, the plaintiff's motion to remand was denied.

Other federal courts within the Fourth Circuit, while not specifically addressing the issues of complete preemption and federal question jurisdiction in the removal context, have granted dispositive motions on the basis of claim preemption under Montreal. *See Asiedu-Ofei v. South African Airlines*, 2016 U.S. Dist. LEXIS 187215 (E.D.Va. 2016) (granting motion to dismiss on basis of Montreal, noting it was unclear whether plaintiffs' claims were brought under state or federal law but finding if the plaintiffs were raising state law claims, "those claims are preempted by the Montreal Convention"); *Selke v. Germanwings GmbH*, 261 F.Supp.3d 666, 677-78 (E.D.Va. 2017) (granting motion for summary judgment "because the Montreal Convention expressly preempts any claim for state law negligence, and no set of facts exist that result in liability for Defendant under the controlling articles of the treaty."). At least one Court in the Eastern District of Virginia dismissed claims that were removed on federal question grounds on the basis of preemption under Montreal. *See Sinnokrot v. Saudi Arabian Airlines Corp.*, 2020 U.S. Dist. LEXIS

7

142818, at *5 (E.D.Va. Jan. 16, 2020) ("The Montreal Convention applies, thereby precluding Plaintiff from bringing state law claims."

In *Sinnokrot*, a similar case to this one, the plaintiffs filed a Warrant in Debt in small claims court in Loudon County, Virginia. 2020 U.S. Dist. LEXIS 142818 at *2. The plaintiffs' claims related to the defendant airline's alleged failure to provide extra legroom and gluten-free meals during an international flight from Virginia to Saudi Arabia. *Id*. at *1-2. The defendant removed the matter to federal court and then filed a motion to dismiss pursuant to Rule 12(b)(6). *Id*. at *2. In granting the motion to dismiss, this Court found that the plaintiffs' state law claims were preempted by the Montreal Convention's liability provisions and that the plaintiffs had failed to state a claim for relief under the applicable Montreal provisions. *Id*. at *5-8.

In sum, complete preemption is supported by the plain language of the provisions of the Montreal Convention, as well as the public policy underlying the treaty.

C. <u>**Plaintiff's Flight is Subject to the Montreal Convention Because it is Part of International Carriage.**</u>

The Montreal Convention covers "all international carriage of persons, baggage or cargo performed by aircraft for reward." Art. 1(1). That section also provides that the term "international carriage" is defined as "any carriage in which, according to the agreement between the parties, the place of departure and the place of destination, whether or not there be a break in the carriage… are situated either within the territories of two States Parties, or within the territory of a single State Party if there is an agreed stopping place within the territory of another State, even if that State is not a State Party." Further, Article 1(3) provides that carriage by several successive carriers is deemed to be one undivided carriage if it has been regarded by the parties as a single operation. Both the United States and Kenya are "State Parties" since they have ratified the treaty. International Civil Aviation Organization website:

https://www.icao.int/secretariat/legal/LEB%20Treaty%20Collection%20Documents/composite_table.pdf.

In the instant case, the subject flight from Washington, D.C. to Nairobi, Kenya, is considered international carriage subject to the Montreal Convention. Plaintiff's claims and alleged damages arise from events, specifically delayed and damaged luggage, that occurred during his flight from the United States to Kenya. Accordingly, the rights and liabilities of the parties are governed exclusively by the Montreal Convention and the provisions contained therein.

D. ***Plaintiff's Claims Fall Within the Montreal Convention's Substantive Scope and are Preempted Because They Arise From Baggage Delay and Damage During an International Flight.***

In determining whether a claim is preempted because it falls with the "substantive scope" of the treaty, courts look to the Convention's liability provisions. Here, the Montreal Convention governs actions for delay or damage to baggage during international carriage. *See* Articles 17 and 19 of the Montreal Convention.

Article 17 of the Montreal Convention governs damage to baggage and provides:

> "The carrier is liable for damage sustained in case of destruction or loss of, or of damage to, checked baggage upon condition only that the event which caused the destruction, loss or damage took place on board the aircraft or during any period within which the checked baggage was in the charge of the carrier. However, the carrier is not liable if and to the extent that the damage resulted from the inherent defect, quality or vice of the baggage. In the case of unchecked baggage, including personal items, the carrier is liable if the damage resulted from its fault or that of its servants or agents."

Montreal Convention, Art. 17(2).

Article 19 of the Montreal Convention states that a "carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo." Montreal Convention, Art. 19. However, the Convention goes on to note that, "the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took all measures that could

9

reasonably be required to avoid the damage or that it was impossible for it or them to take such measures." *Id*.

The Convention requires timely notice of complaints of damage, and the passenger must make a written complaint of the damage to the carrier within seven days from the date of receipt of the checked baggage. Art. 31(2); *Coombes v. Southwest Airlines*, No. 3:20-cv-03700-M-BT, 2021 U.S. Dist. LEXIS 154887, 2021 WL 3625077 at *5 (N.D. Tex. July 8, 2021) (citing Montreal Convention, Art. 31(2)). Verbal notice to the airline's representatives alone without a timely written notice is "not enough to satisfy the requirements of the Montreal Convention." *Id.* (citing *Stud v. Trans Int'l Airlines*, 727 F.2d 880, 883 (9th Cir. 1984)).

The Convention contains a limit of liability in relation to delay of baggage and damaged baggage, which substantially limits the amount of recovery for each passenger. Montreal Convention, Art. 22(2). Specifically, the Convention provides that "the liability of the carrier in the case of destruction, loss, damage or delay is limited to [1288] Special Drawing Rights for each passenger . . ." *Id*.; *https://www.icao.int/secretariat/legal/Pages/2019_Revised_Limits_of_Liability_Under_the_Montreal_Convention_1999.aspx*. This equates to approximately $1,732.87 USD.

Here, Plaintiff's claims squarely fall within the scope of the Montreal Convention. As alleged in Plaintiff's Bill of Particulars, on January 8, 2023 Plaintiff traveled from Dulles International Airport ("IAD") to Nairobi, Kenya, with a layover at John F. Kennedy Airport in New York. *See* Plaintiff's Bill of Particulars at pg. 3. Plaintiff states that he checked his bags at IAD, but did not receive his luggage upon arriving in Kenya. *Id*. Plaintiff alleges that after failing to receive his luggage he "immediately filed for baggage claim at the destination and also with Delta Air Lines." *Id*. Plaintiff alleges that he "received [his] luggage four days later, with most of

10

the pursuit handled by Kenya Airways representative." *Id*. at pg. 2. He alleges when he received the luggage, it had a "missing zipper and lock." *Id*. at pg. 1.[1] Accordingly, Plaintiff's claims, which arise out of the alleged delay and damage to baggage during international carriage, fall within the scope of Article 17 and Article 19 of the Montreal Convention. Consequently, his state law claims are preempted. Because Plaintiff has failed to state a claim for relief under Montreal, his Warrant in Debt and Bill of Particulars must be dismissed. *See Fuondjing v. Am. Airlines, Inc.*, Civil Action No. DKC 10-1169, 2011 U.S. Dist. LEXIS 5123 (D. Md. Jan. 19, 2011) (holding that plaintiffs' claims, which arose from a four-day delay in their arrival to Cameroon, fell squarely within the substantive scope of Article 19); *Adegoke v. Delta Airlines, Inc.*, Civil Action No. H-22-1109, 2022 U.S. Dist. LEXIS 216862 (S.D. Tex. Dec. 1, 2022) (plaintiff's claims for delay and damage to luggage during travel from Houston, Texas to Lagos, Nigeria with connecting flight in Atlanta, Georgia were governed by the Montreal Convention); *Coombes v. Southwest Airlines*, 2021 U.S. Dist. LEXIS 154887 (S.D. Tex. July 8, 2021) (finding claims for damages resulting from delay and missing items during travel between Mexico and the United States were governed by Montreal Convention).

Further, Article 17 and Article 19 only allows for recovery of economic damages and does not permit compensation for non-economic damages. *See Kogan v. Scandinavian Airlines Sys.*, 253 F. Supp. 3d 1022, 1027 (N.D. Ill. 2017) ("Article 19 of the Montreal Convention permits recovery for provable economic damages, but not emotional or physical injuries.") (citing *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1170 (11th Cir. 2014); *Dochak v. Polskie Linie Lotnicze LOT S.A.*, 189 F. Supp. 3d 798, 807 (N.D. Ill. 2016)); *Adler v. Frontier Airlines*,

---

[1] Notably, Plaintiff does not allege, with sufficient factual support, that he submitted written notice to Delta (or any other carrier) of this alleged damage within seven days of receipt of his baggage.

11

No. 15 C 03430, 2017 U.S. Dist. LEXIS 76199, 2017 WL 2214982, at *2-3 (N.D. Ill. May 19, 2017) (dismissing with prejudice non-economic injury claims because plaintiffs cannot recover damages for such injuries under the Convention); *Dochak*, 189 F. Supp. 3d at 807 ("Although the Seventh Circuit has not considered the question, Courts in other circuits have held that Article 19 permits the payment of economic damages from a delayed flight but disallows compensation for emotional loss, physical injury, or inconvenience.") (collecting cases, internal citations omitted); *Vumbaca v. Terminal One Grp. Ass'n L.P.*, 859 F. Supp. 2d 343, 367 (E.D.N.Y. 2012) ("Courts in the Second Circuit have found that Article 19 only applies to '*economic* loss occasioned by delay in transportation.'") (collecting cases; internal citations omitted). *See also*, Zubko v. Aeroméxico, No. 17-CV-04391, 2018 U.S. Dist. LEXIS 131860, at *6 (N.D. Ill. Aug. 6, 2018). Damages claims based on delay must be quantifiable and result in real economic lose. *Lee v. American Airlines, Inc.*, 355 F.3d 386, 387 (5th Cir. 2004). Mental injury or re-characterized mental anguish damages are not recoverable. *Id.* Accordingly, Plaintiff's alleged damages for inconvenience and stress are not recoverable because these are non-economic damages. Moreover, Article 29 states that punitive, exemplary or any other non-compensatory damages are not recoverable under the Convention. Thus, to the extent Plaintiff's demands are construed as anything other than compensatory damages, they must be dismissed.

In sum, Plaintiff's state law claims for negligence and breach of contract are preempted by the Montreal Convention and, therefore, are subject to dismissal. Because Montreal provides the exclusive remedy and Plaintiff has failed to state a claim for relief under the treaty, his Warrant in Debt and Bill of Particulars must be dismissed in their entirety.

## V.     CONCLUSION

WHEREFORE, for the reasons stated herein, and those that may be urged upon the Court at oral argument of this Motion, Defendant Delta Airlines, Inc. respectfully requests that this Honorable Court dismiss the Plaintiff's Warrant in Debt and Bill of Particulars, with prejudice, and award Defendant any other such relief the Court deems fair and just.

Dated:  August 18, 2023				Respectfully submitted,

**DELTA AIR LINES, INC.**

By Counsel,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP


 _/s/ Nicole T. Melvani_____
Kathryn A. Grace (VSB No.: 71213)
Nicole T. Melvani (VSB No.: 98760)
Thomas J. Tutone (VSB No.: 98433)
8444 Westpark Drive, Suite 510
McLean, VA 22102
703-245-9300
703-245-9301 (Fax)
kathryn.grace@wilsonelser.com
nicole.melvani@wilsonelser.com
thomas.tutone@wilsonelser.com
*Counsel for Defendant Delta Air Lines, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was mailed, postage prepaid, this 18th day of August 2023, to:

Zablon Akhwale
10413 Paradise Court
Manassas, VA 20109
*Pro Se Plaintiff*

*/s/ Nicole T. Melvani*
Nicole T. Melvani